FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

NOT FOR PUBLICATION  SEP 05 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

BABU J. McNEIL

                  Plaintiff,

           -against-

THE CITY OF NEW YORK, NYPD;
DA VANCE, CYRUS of New York County;
NEW YORK CITY DEPT. OF
HEALTH AND MENTAL HYGIENE
CONTRACTORS; NEW YORK CITY DEPT.
OF CORRECTION; NEW YORK CITY TRANSIT
AUTHORITY; Kings County DA CHARLES
HYNES,

                  Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-4579 (ARR)

ROSS, United States District Judge:

    Plaintiff Babu J. McNeil, currently incarcerated at Rikers Island, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. Plaintiff's application for appointment of counsel is denied without prejudice. For the reasons discussed below, plaintiff's claims against the City of New York, New York City Police Department, New York City Department of Correction, New York City Department of Mental Hygiene, District Attorney Cyrus Vance and District Attorney Charles Hynes are dismissed. For the reasons discussed below, plaintiff is granted thirty (30) days leave to file an amended complaint.

1

## BACKGROUND

Plaintiff's complaint is quite confusing and difficult to decipher. Plaintiff states that he is "being held under illegal detention from a false arrest by Robert Garcia (P.O.) . . . under a malicious prosecution by D.A. Vance Cyrus of New York County in that a case which was dismissed @ a Grand Jury of 4-7-11 in Kings County . . .." Compl. at 3. Plaintiff provides multiple dates for when the events giving rise to his claim occurred, and it is unclear if he is complaining of events that are occurring or have occurred in New York or Kings County. Plaintiff seeks habeas corpus relief and monetary damages.[1] Compl. at 3.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its

---

[1] Plaintiff's request for habeas corpus relief is not a remedy which this Court has the authority to grant in a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (a petition for habeas corpus is the exclusive means for seeking the relief of immediate release from prison; such relief is not cognizable under § 1983); McLean v. Brown, No. 08 CV. 5200, 2010 WL 2609341, at *5 (E.D.N.Y. June 25, 2010). In any event, insofar as plaintiff's habeas allegations in this complaint can be deciphered, they appear identical to those in a separate habeas petition filed with this court, which was transferred to the U.S. District Court for the Southern District of New York as the district within which plaintiff was indicted. See Order, McNeil v. Rivera, No. 13-cv-4578-DLI (E.D.N.Y. Aug. 30, 2013).

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

City Agencies

To the extent that plaintiff seeks to name the New York City Police Department, New York City Department of Correction and New York City Department of Mental Health and Hygiene as defendants, his claims are dismissed. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. The New York City Police Department, New York City Department of Correction and New York City Department of Mental Health and Hygiene are agencies of the City of New York that lack independent legal existence and are not suable entities. See, e.g., Campbell v. NYC City, No. 12 CV 2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (dismissing all claims against the NYPD and NYDOC as

3

non-suable entities).

City of New York

To the extent plaintiff seeks to bring a claim against the City of New York, his claim must also be dismissed as plaintiff has failed to allege facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of plaintiff's federally protected rights. See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla., v. Brown, 520 U.S. 397, 403-04 (1997); Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Torraco v. Port Auth. of N.Y. and N.J., 615 F.3d 129, 140 (2d Cir. 2010) (internal quotation marks omitted). See also Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (stating that a mere assertion of a custom or policy is not sufficient to sustain a § 1983 claim against a municipal defendant in the absence of any allegations of fact). Here, although plaintiff names the City of New York in the caption of his complaint, he does not allege any facts in the body of his complaint to support a Monell claim. See Dudley v. Meekins, No. 13 CV 1851, 2013 WL 1681898, at *4 (E.D.N.Y. April 17, 2013) ("Plaintiff's Complaint cannot reasonably be interpreted to allege facts sufficient to show that any alleged injury was caused by any policy or custom of the City.").

District Attorneys

Plaintiff also names New York County District Attorney Cyrus Vance and Kings County District Attorney Charles Hynes as defendants in the caption of his complaint but does not allege

that they were personally involved in the alleged deprivation of plaintiff's civil rights. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991)). See also Ashcroft v. Iqbal, 129 S.Ct. 1938, 1940 (2009). Therefore, plaintiff's claims against Mr. Vance and Mr. Hynes must be dismissed.

Moreover, to the extent that plaintiff could have named individual assistant district attorneys, it is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citations omitted). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction, which is not the case here. Shmueli, 424 F.3d at 237. Accordingly, had they been named, the assistant district attorneys are immune from suits for damages, and these claims would also be dismissed.

Rule 8

As to plaintiff's remaining claims, the complaint may not proceed as presented. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)); Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).

## CONCLUSION

Accordingly, the Clerk of Court is directed to terminate the City of New York, New York City Police Department, New York City Department of Correction, New York City Department of Health and Mental Hygiene, District Attorney Cyrus Vance and District Attorney Charles Hynes from this action. 28 U.S.C. §1915A. The Court cannot allow plaintiff's remaining claims to go forward as any remaining defendants will be unable to meaningfully respond to the instant complaint.

Therefore, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is granted thirty (30) days leave to file an amended complaint. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, he must set forth the factual allegations to support his claims against all named defendants. Plaintiff must identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions he alleges

6

in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event, including the date and location of the arrest he is contesting, the status of the charges and the court in which he is or was being prosecuted. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe along with their title (for example, Police Officer John Doe or Correction Officer Jane Doe, etc.). To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. If plaintiff has any relevant documents to support his claims, he may attach a copy to the amended complaint as an exhibit.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If plaintiff fails to file an amended complaint, judgment dismissing this action without prejudice shall be entered. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

/S/ Judge Allyne R. Ross

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
Sept 3, 2013

7

**SERVICE LIST:**

Babu McNeil
895-11-01308
AMKC
18-18 Hazen Street
East Elmhurt, NY 11370